IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ERASMO SILVA-FLORES,** | ) | No. CR-F-97-5204 OWW |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PETITIONER'S |
| Petitioner, | ) | MOTIONS FOR COURT ORDER TO |
| | ) | CLERK TO PROVIDE DOCUMENTS |
| vs. | ) | RE PETITIONER'S PROPOSED |
| | ) | SECOND AND SUCCESSIVE MOTION |
| | ) | PURSUANT TO 28 U.S.C. § 2255 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

   Petitioner Erasmo Silva-Flores, proceeding *in pro per*, has moved the Court to order the Clerk to provide him with the following documents at government expense in order for him to prepare and file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255:

   1.  Complaint and Affidavit with Assessment and Proof of Claim;

   2.  Indictment and any superseding indictment(s) with Affidavit;

   3.  Arrest Warrant with Affidavit;

**4.     Search Warrant with Affidavit;**

**5.     Seizure Warrant with Affidavit;**

**6.     Transcripts of Grand Jury Proceedings;**

**7.     Grand Jury Concurrency Form;**

**8.     Trial Transcripts;**

**9.     Sentencing Transcripts;**

**10.    Judgment and Commitment;**

**11.    Direct Appeal and Decision Order;**

**12.    28 U.S.C. § 2255 proceedings;**

**13.    Statement of Jurisdiction of the Court.**

**Petitioner does not assert that he has applied to the Ninth Circuit for authorization to file a second or successive Section 2255 motion.**

**Petitioner is serving a prison term of 240 months after a four-day jury trial in which he was found guilty of possession of methamphetamine with intent to distribute, aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts One and Two), and being a deported alien found in the United States in violation of 8 U.S.C. § 1326 (Count Three).  Petitioner was sentenced on September 8, 1998.  Petitioner's conviction and sentence were affirmed by the Ninth Circuit.  *See United States v. Orozco*, 1999 WL 426424 (9th Cir. May 13, 1999).**

**On June 19, 2001, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  By Memorandum Decision and Order filed on September 24, 2003, Petitioner's Section 2255 motion was denied.  (Doc. 205).**

Petitioner appealed the denial of his Section 2255 motion to the Ninth Circuit, which denied a certificate of appealability on February 11, 2004.

Petitioner asserts that he "intends to move the court pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c), and § 4A1.1 and 2, Seeking a Modification or Reduction of Sentence based upon the Retroactive Guideline Amendment, concerning certain criminal History Rules that have the Effect of Lowering Guideline Range and Term of Imprisonment and <u>United States v. Armstead</u>, 552 F.3d 769 (9th Cir.2009)."

Section 3882(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(c) sets forth those amendments to the Sentencing Guidelines which are to be applied retroactively to reduce a sentence previously imposed.

Although Petitioner does not specify the amendment upon which he intends to rely, the only amendment to U.S.S.G. § 4A1.1,

3

pertaining to criminal history category, and U.S.S.G. §4A1.2, pertaining to definitions and instructions for computing criminal history, subsequent to Petitioner's sentencing in 1998 were by Amendment 651 and Amendment 709.  Amendments 651 and 709 are not listed as covered amendments in U.S.S.G. § 1B1.10(c).  The Ninth Circuit has held that Amendment 709 is not applied retroactively. *United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, ___ U.S. ___, 129 S.Ct. 427 (2008).

Petitioner further contends that he intends "to move the Court pursuant to Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir.2007) to attack the judgment that may have been correct when rendered, but that later became incorrect because circumstances that arose after the judgment was issued.  28 U.S.C. § 1651."

Petitioner's citations to *Carrington* and the All Writs Act indicate that he intends to file a petition for a writ of *audita querela*.  A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a Section 2255 motion.  *Carrington*, *supra*, citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir.2001).  Common law writs such as *audita querela* and *coram nobis* survive "'only to the extent that they fill "gaps" in the current system of postconviction relief.'" *Id.*

Petitioner's motion notes that Rule 60(b)(6), Federal Rules of Civil Procedure, applies to habeas cases, *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and contends that "preparing and litigating

4

post-conviction claims sometimes require extensive factual investigation, statistical analysis and therefore a movant can request the Court and it is an abuse of discretion for the Court to deny such a relief when the movant has made a showing of the need, whether or not the government objects." Petitioner relies on *Louchar v. Thomas*, 517 U.S. 314, 326 (1996).

*Louchar* does not support Petitioner's motion. Petitioner has not filed a motion pursuant to Rule 60(b) for relief from the judgment denying his Section 2255 motion.

The asserted grounds for relief in his anticipated post-conviction motion make clear that Petitioner is not entitled to production at government expense of Items 1, 2, 3, 4, 5, 6, 7, 8, 11 and 12. Petitioner's anticipated claims appear to pertain only to his sentencing. Item 13, seeking a "Statement of Jurisdiction of the Court" is meaningless and inapposite.

28 U.S.C. § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

However, Petitioner is not entitled to copies of transcripts or other court records at Government expense until he actually brings a post-conviction motion. *See United States v. Lucatero*, 2007 WL 1747077 (E.D.Cal.2007); *United States v. Soto-Valdez*, 2009 WL 1311954 (D.Ariz.2009).

Finally, Petitioner refers to the requirements for a Court of Appeal to authorize the filing of a second or successive Section 2255 motion.  *See* 28 U.S.C. § 2244.  Specifically, Petitioner refers to Section 2244(b)(3)(C), which permits the Court of Appeal to authorize the filing of a second or successive application "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  Acknowledging that Section 2244(b) imposes a "gatekeeper" requirement on the Court of Appeal, Petitioner asserts that the "gatekeeper" requirement

> strongly suggest[s] that the circuit court's review at this stage should not resolve the question whether the petition actually satisfies the new successive petition standard or whether some affirmative defense to relief exists but only whether there is some reasonable likelihood that the petitioner - perhaps aided by an evidentiary hearing of a sort or other fact development procedure that only the district court can conduct - will thereafter be able to satisfy the new successive petition standard.

Again, Petitioner has not filed an application to the Ninth Circuit for authorization to file a second or successive Section 2255 motion.  Petitioner is not entitled to transcripts or court documents at government expense in advance of a post-conviction motion.

For the reasons stated:

1.  Petitioner's motions for Court order to the Clerk to provide documents regarding Petitioner's proposed second and successive motion pursuant to 28 U.S.C. § 2255 is DENIED WITHOUT

6

**PREJUDICE.**

  **IT IS SO ORDERED.**

**Dated:   March 9, 2010**         /s/ Oliver W. Wanger
                  **UNITED STATES DISTRICT JUDGE**